# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
# No. 09-cv-321-H

| | |
|---|---|
| Oscar Albritton ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **AMENDED COMPLAINT;** |
| ) | |
| Sessoms & Rogers, P.A.; ) | **JURY TRIAL DEMANDED** |
| Richard J. De Giacomo, Jr.; ) | |
| North Star Capital Acquisitions, LLC; ) | |
| **Defendants.** ) | |

## INTRODUCTION

This Amended Complaint is filed pursuant to Fed. R. Civ. P. 15(a). To date, Defendants have not filed a responsive pleading under Fed. R. Civ. P. 7. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collections Practices Act (hereinafter "FDCPA"), 15 U.S.C. §§ 1692 *et seq*. which prohibits debt collectors from engaging in abusive, deceptive and unfair practices by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

The Defendants violated the FDCPA by submitting to Plaintiff and to a court-appointed arbitrator an affidavit with an attached "STATEMENT OF ACCOUNT" that did not exist at the time of signing of the affidavit.

In other words, Defendants created an "open-ended" affidavit on February 3, 2009, which referenced a "STATEMENT OF ACCOUNT" that did not yet exist. On or about May 29, 2009, Defendants created the "evidence" that supposedly supported the affidavit and submitted the two together as a solitary document in support of their debt collection case. Submission of such an affidavit to the Plaintiff and to the arbitrator was

false, deceptive and/or misleading and otherwise impermissible in violation of the FDCPA, §§ 1692e, in general, and subsections (2)(A) and (10), in particular, as well as 1692f.

When it enacted the FDCPA, Congress found there to be abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Two of Congress' stated purposes in enacting the FDCPA were to eliminate abusive and deceptive debt collection practices by debt collectors and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. *U.S. v. National Financial Services, Inc.*, 98 F.3d 131, 135 (4th Cir. 1996).

The Plaintiff, Oscar Albritton, by and through his undersigned attorney, sues the Defendants, Sessoms & Rogers, P.A. (hereinafter "Defendant S&R"), Richard J. De Giacomo, Jr. (hereinafter "Defendant De Giacomo") and North Star Capital Acquistions, LLC (hereinafter "Defendant North Star") and alleges and says as follows:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. § 1692k(d).
2. This action arises out of Defendants' violations of the FDCPA in their illegal efforts to collect a consumer debt from Plaintiff.
3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.
4. This case is brought within one year of the violations in compliance with the statute of limitations at 15 U.S.C. § 1692k(d).

# PARTIES

5. Plaintiff Oscar Albritton is a natural person who resides in the City of Fayetteville, County of Cumberland, State of North Carolina, and is a "consumer" and/or a person affected by a violation of the FDCPA as defined in 15 U.S.C. § 1692a(3).

6. Defendant S&R is a corporation organized under the laws of the State of North Carolina.

7. Defendant S&R is located at 3326 Chapel Hill Boulevard, Suite A-200, Durham, North Carolina.

8. Defendant S&R is a law firm.

9. Defendant S&R is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

10. Defendant S&R regularly attempts to collect consumer debts alleged to be due to another.

11. Defendant S&R was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

12. Defendant De Giacomo is an attorney licensed by the State of North Carolina.

13. Defendant De Giacomo is, upon information and belief, an associate at Defendant S&R.

14. Defendant De Giacomo is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

15. Defendant De Giacomo regularly attempts to collect consumer debts alleged to be due to another.

16. Defendant De Giacomo was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

17. Defendant North Star is, according to its registration with the North Carolina Secretary of State, a limited liability corporation organized under the laws of the State of Minnesota with its principal office located at 170 Northpointe Parkway, Ste. 300, Amherst, New York, 14228 and may be served through its registered agent, CT Corporation System, 150 Fayetteville St., Box 1011, Raleigh, NC 27601.

18. Defendant North Star is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

19. Upon information and belief, Defendant North Star is not registered with the North Carolina Department of Insurance as a collection agency.

20. Defendant North Star regularly attempts to collect consumer debts alleged to be due to another.

21. Defendant North Star purchases defaulted debt.

22. Defendant North Star was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

23. Defendant North Star's status as a debt collector renders Defendant North Star liable for Defendant S&R's and its employees' violations of the FDCPA.

24. Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and are "debt collectors" within the meaning of the FDCPA, as defined at 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

25. Plaintiff is a "consumer" and/or a person affected by a violation of the FDCPA as defined in 15 U.S.C. § 1692a(3).

26. The purported debt, the validity of which Plaintiff disputes, was a personal credit account, and was incurred primarily for personal, family, or household purposes, bringing Defendants' collection efforts within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

27. The purported debt was allegedly placed, sold, or otherwise transferred to Defendant North Star for collection.

28. Defendants violated the FDCPA by attempting to collect a debt by means of a false affidavit in the underlying state court proceeding.

29. Defendant S&R, on behalf of its client, Defendant North Star, filed a debt collection lawsuit against Plaintiff in Cumberland County District Court in North Carolina on January 23, 2009, 09CVD752, (hereinafter the "collection lawsuit").

30. The collection lawsuit was scheduled for jury trial in Cumberland County District Court on September 28, 2009; however, Defendants voluntarily dismissed that action on August 28, 2009.

31. In connection with its attempt to collect on the alleged account, Jessica Sled, an employee and/or agent of Defendant North Star executed an "AFFIDAVIT OF ACCOUNT" (hereinafter "the Affidavit") sworn in front of a Notary Public on February 3, 2009.

32. An affidavit served in connection with a collection lawsuit for money owed is a "communication in connection with an attempt to collect a debt" for the purposes of the FDCPA.

33. In its fourth paragraph, the Affidavit includes the sentence "<u>If</u> a statement of account is attached hereto, that statement is a true and accurate accounting and accurately reflects the sums owed …" (emphasis added).

34. Ms. Sled did not know at the time she swore as affiant whether a statement of account was attached to her affidavit or not.

35. At the time Ms. Sled swore as an affiant, it was not possible for her to swear that *any* statement of account attached would be a true and accurate accounting and accurately reflect the sums owed at some future point in time.

36. Despite her lack of personal knowledge as to the existence of a "STATEMENT OF ACCOUNT", Ms. Sled swore that she knew the "STATEMENT OF ACCOUNT" that would later be attached to the affidavit calculated a true and accurate accounting.

37. By using a clearly false, deceptive and/or misleading form affidavit in connection with the collection of a debt, Defendants violated the FDCPA.

38. The Cumberland County Court utilizes a non-binding arbitration proceeding for certain civil cases with alleged damages of less than $15,000.00 and the collection lawsuit was selected for arbitration.

39. Under the Rules for Arbitration promulgated by the North Carolina Supreme Court, ten days prior to the scheduled hearing the parties exchanged information as to their evidence, witnesses and contentions.

40. Defendant De Giacomo submitted Defendant North Star's pre-arbitration submission, as an attorney employed by Defendant S&R, and as the attorney for Defendant North Star on May 29, 2009. (Exhibit 1, attached.)

41. In his submission, Defendant De Giacomo included the Affidavit of Ms. Sled and stapled thereto was a document entitled "STATEMENT OF ACCOUNT" bearing the date of May 29, 2009.

42. The pre-arbitration submission consisted of 5 pages.

43. There was only one staple in the documents submitted.

44. All pages were stapled together as a solitary document with the "STATEMENT OF ACCOUNT" immediately following the Affidavit in placement.

45. Under Paragraph 2 "Documents" of PLAINTIFF'S PRE-ARBITRATION SUBMISSION, Defendant De Giacomo listed the documents contained within the submission.

46. The inclusive list of documents contained within Defendant De Giacomo's pre-arbitration submission consisted of:

   *(a) Copy of Affidavit of Account as to amount of debt.*

   *(b) Copy of "Answer" filed by defendant (not attached, copy in Court file).*

   *(c) Copy of Plaintiff's Demand Letter dated December 19, 2008.*

   (d) *The plaintiff also reserves the right to introduce any documents exchanged by the defendant.*

47. Defendant De Giacomo did not list the "STATEMENT OF ACCOUNT" as a separate document.

48. Defendant De Giacomo did not indicate the "STATEMENT OF ACCOUNT" was not prepared and/or submitted by Ms. Sled.

49. Defendant De Giacomo did not indicate the "STATEMENT OF ACCOUNT" was not prepared and/or submitted by Defendant North Star.

50. Defendant De Giacomo did not indicate the "STATEMENT OF ACCOUNT" was not the one referred to in the Affidavit.

51. Defendant S&R did not present the "STATEMENT OF ACCOUNT" as a separate document to the court at the arbitration hearing.

52. At the arbitration hearing, Defendant S&R did not indicate to the court that the "STATEMENT OF ACCOUNT" was something prepared by Defendant S&R to aid in the calculation of any potential award or judgment.

53. The "STATEMENT OF ACCOUNT" had the annotation at the top: "NORTH STAR CAPITAL ACQUISITION LLC".

54. The "STATEMENT OF ACCOUNT" did not indicate by whom it was prepared.

55. The notation of "NORTH STAR CAPITAL ACQUISITION" suggested that Defendant North Star prepared it.

56. The "STATEMENT OF ACCOUNT" bore no indication to suggest it was prepared by anyone other than the affiant and/or her employer/principal.

57. Upon information and belief, the unsigned "STATEMENT OF ACCOUNT" was actually manufactured by certain employees and/or agents of Defendant S&R.

58. Ms. Sled's February 3, 2009 Affidavit is approximately 116 days *before* May 29, 2009.

59. Upon information and belief, based upon the presentation of these documents to Plaintiff and the court, Defendant S&R stapled the "STATEMENT OF ACCOUNT" to the Sled Affidavit.

60. Stapling the "STATEMENT OF ACCOUNT" to the Affidavit gave the obvious impression that the Affidavit referred to the "STATEMENT OF ACCOUNT" as presented.

61. It is not possible for Ms. Sled to have sworn on February 3, 2009 that the May 29, 2009 "STATEMENT OF ACCOUNT" was a "true and accurate accounting and accurately reflects the sums due" prior to its actual occurrence.

62. Attaching the STATEMENT OF ACCOUNT to the affidavit for the arbitration proceeding was false, deceptive, and/or misleading.

63. Despite her lack of personal knowledge as to even the existence of a "STATEMENT OF ACCOUNT", Ms. Sled swore that she knew the "STATEMENT OF ACCOUNT" was a true and accurate accounting.

64. By using a clearly false, deceptive and/or misleading form affidavit in connection with the collection of a debt, Defendants violated the FDCPA.

65. The falsehood was material in that it made the proposed assertion more likely: the debt was valid, there was a total amount due and owing, and the "STATEMENT OF ACCOUNT" was a true and accurate accounting.

66. When relied on, the false statement in Ms. Sled's affidavit helped to make the proposition -- that the "STATEMENT OF ACCOUNT" was a "true and accurate accounting" -- appear to be more likely valid than it was without the false statement.

67. In situations like the case at bar, debt collection lawsuits place courts in the position of evaluating the validity of debt buyer affidavits, often presented as in this case with no other supporting documents as to the alleged indebtedness of the consumer defendant.

68. The content of Ms. Sled's affidavit itself effectively served to validate the debt to the reader, whether to the consumer, the arbitrator, the judge or the opposing counsel.

69. Defendants could easily prepare a form affidavit that achieved the same goals without being false, deceptive and/or misleading by reflecting the truth, plain and simple.

70. Rather than swearing to a hypothetical "STATEMENT OF ACCOUNT" Defendants could have attached an actual "STATEMENT OF ACCOUNT".

71. Rather than swearing to a hypothetical "STATEMENT OF ACCOUNT", Defendants could have omitted the averment from the form Affidavit.

72. Defendants knew, or should have known, that the Affidavit contained deceptive, false, and/or misleading information.

73. The use of such affidavits and statements of account are part of the practice and procedure of Defendants in their debt collection activities.

*Respondeat Superior Liability*

74. The acts and omissions of the individual Defendant named herein, and other debt collectors employed as agents by Defendant North Star, who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant North Star.

75. The acts and omissions by the individual Defendant named herein, and other debt collectors, were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant North Star in collecting consumer debts.

76. By committing these acts and omissions against Plaintiff, the individual Defendant named herein and other debt collectors, were motivated to benefit their principal Defendant North Star.

77. Defendant North Star is, therefore, liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and in the illegal attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

78. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT ONE

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq*.

79. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

80. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, 1692e, in general, and subsections (2)(A) and (10), in particular, and 1692f.

81. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 per violation pursuant to 15 U.S.C. § 1692k(a)(2)(A) from each and every Defendant; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendants herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered:

1. for an award of statutory damages of $1,000.00 per violation from each and every Defendant jointly and severally pursuant to 15 U.S.C. § 1692k(a)(2)(A);

2. for an award of costs of litigation and reasonable attorney's fees from each and every Defendant jointly and severally pursuant to 15 U.S.C. § 1692k(a)(3);

3. for an award of the costs of suit, any discretionary costs as may be allowable by law, pre-judgment and post-judgment interest from each and every Defendant jointly and severally; and

4. for further relief as the Court deems just and proper under the circumstances.

Respectfully submitted this 11th day of September, 2009.

MARTIN ATTORNEY AT LAW, PLLC

By: /s/Angela O. Martin
Angela O. Martin, Esq.
NC Bar 34951
Attorney for Plaintiff
Martin Attorney at Law, PLLC
1911 Keller Andrews Road
Sanford, North Carolina 27330
(919) 708-7477, FAX: (888) 872-4232
angela@angelamartinlaw.com

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
|---|---|
| COUNTY OF CUMBERLAND | DISTRICT COURT DIVISION |
| | 09 CvD 752 |

NORTH STAR CAPITAL ACQUISITION, LLC, )
)
    Plaintiff )
)
vs. )   PLAINTIFF'S
)
)   PRE-ARBITRATION SUBMISSION
)
OSCAR ALBRITTON, )
)
    Defendant )
)
_____)

Pursuant to the provisions of Arbitration Rule 3(b), the Plaintiff hereby makes the following representations with respect to the arbitration hearing to be held.

1. ***Witnesses:*** The Plaintiff does not anticipate calling any witnesses to testify at the arbitration hearing, with the possible exception of the defendant.

2. ***Documents:*** The Plaintiff anticipates offering the following documents into evidence at the arbitration hearing. A copy of each of such documents is attached hereto, except as is indicated below:

   (a) Copy of Affidavit of Account as to amount of debt.
   (b) Copy of "Answer" filed by defendant (not attached, copy in Court file).
   (c) Copy of Plaintiff's Demand Letter dated December 19, 2008.
   (d) The plaintiff also reserves the right to introduce any documents exchanged by the defendant.

3. ***Contentions:*** The Plaintiff contends as follows:

(a) The Plaintiff is a limited liability company organized under the laws of the state of Minnesota, with a principal office and place of business in Amherst, New York.

(b) The defendant is a resident of Cumberland County, North Carolina.

(c) The defendant was indebted to Wells Fargo, the plaintiff's predecessor in interest.



EXHIBIT
1

(d) Subsequent to the opening of the account, Wells Fargo sold and assigned the account to North Star Capital Acquisition, LLC, the plaintiff herein, and the plaintiff is now the owner of the account.

(e) The defendant has defaulted, in that the defendant has failed to make the payments required.

(f) As a result of said default, the plaintiff declared the entire balance outstanding due and payable.

(g) Interest is due to the plaintiff from and after November 26, 2008, at the legal rate of 8.00% per annum.

(h) The plaintiff is entitled to recover from the defendant the principal sum of $4,064.10, together with interest thereon at the rate of 8.00% per annum from and after November 26, 2008 and all costs of this action.

This the 29th day of May, 2009.

SESSOMS & ROGERS, P.A.

By: _____
Richard J. De Giacomo, Jr.
Attorney for Plaintiff
3326 Durham-Chapel Hill Blvd., Suite A-200
P.O. Box 52508
Durham, North Carolina 27717
Telephone: (919) 688-1000

STATE OF NEW YORK

COUNTY OF ERIE

## AFFIDAVIT OF ACCOUNT

The undersigned affiant, being first duly sworn, deposes and says that (s)he is a duly authorized representative of North Star Capital Acquisition, LLC, a Minnesota limited liability company, and that in such capacity (s)he is authorized to make this Affidavit.

(S)he is familiar with the books and business records of North Star Capital Acquisition, LLC, and particularly with the account of **Oscar Albritton**, Account No. 36138204, the Defendant in this action, and is cognizant of the facts constituting and underlying this cause of action.

The Defendant entered into a promissory note or written credit agreement with Wells Fargo, the plaintiff's predecessor in interest. The debt and the account have been sold and assigned to North Star Capital Acquisition, LLC. The Defendant is in default under the terms thereof for failure to make the required payments. As a result of the Defendant's default, North Star Capital Acquisition, LLC has declared the entire outstanding balance due and payable.

To the best knowledge and belief of the affiant, the Defendant is not an infant or incompetent person, nor in military service. If a statement of account is attached hereto, that statement is a true and accurate accounting and accurately reflects the sums owed by the Defendant to North Star Capital Acquisition, LLC pursuant to the written credit agreement between the parties. Credit has been duly given to the Defendant for all payments made and all setoffs to which the Defendant is entitled.

**Oscar Albritton** is currently indebted to North Star Capital Acquisition, LLC, the Plaintiff herein, in the sum of **$4,064.10**, together with interest thereon at the rate of **8.00%** per annum from and after November 26, 2008, and costs.

Sworn to and subscribed before me, this 3RD day of February, 2009.

_____
Notary Public

My commission expires: 9/29/2012

Affiant
Jessica Sled

Vera L. Mercurio
Notary Public State of New York
Registration # 01ME6194486
Qualified in Erie County
My Commission Expires September 29, 2012

NORTH STAR CAPITAL ACQUISITION, LLC

STATEMENT OF ACCOUNT

May 29, 2009

Statement of Account for:

    Oscar Albritton
    2204 Hackney Loop
    Fayetteville, NC 28304
    Account No. 36138204

Effective Date of Payoff: June 11, 2009

| | |
|---|---|
| Principal: | $4,064.10 |
| Interest to June 11, 2009: | 175.48 |
| **Amount of Award** | **$4,239.50** |

PLEASE NOTE: Interest on this account continues to accrue at the rate of **$0.89** per day for each day after June 11, 2009.

STUART M. SESSOMS, JR.
(1947-2006)
LEE C. ROGERS
PEDRO J. ZAHALA, II
RICHARD J. DE GIACOMO, JR.
DONNA M. PRIMROSE

# SESSOMS & ROGERS, P.A.
## ATTORNEYS AT LAW
3328 DURHAM-CHAPEL HILL BOULEVARD, SUITE A-200
DURHAM, NORTH CAROLINA 27707

MAILING ADDRESS:
P. O. BOX 52508
DURHAM, NC 27717
TELEPHONE (919) 688-1000
FACSIMILE (919) 688-9000

December 19, 2008

Mr. Oscar Albritton
2204 Hackney Loop
Fayetteville, North Carolina 28304

Re: North Star Capital Acquisition, LLC
Account No. 36138204

**COPY**

Dear Mr. Albritton:

  Please be advised that your Wells Fargo account, has been sold to and is now owned by North Star Capital Acquisition, LLC. Our firm has been retained by North Star Capital Acquisition, LLC to assist them in the recovery of that debt. Please take notice that the above referenced account is in default. Because of your default North Star Capital Acquisition, LLC has declared the entire balance due and payable. The outstanding balance of the debt is $4,084.59. You should be aware, however, that interest may continue to accrue on the account.

  If you dispute this debt, you must advise us within thirty days as to the nature of your dispute. If we receive such a dispute from you, we will obtain verification of the debt and mail a copy of that verification to you. We will assume the debt is valid unless you dispute it, in whole or in part, within that thirty-day period. As we previously indicated, North Star Capital Acquisition, LLC was not the original creditor. If Wells Fargo was not the original creditor, you also have thirty days to request, in writing, the name of the original creditor.

  If you do not dispute this debt, and wish to make payments on the account, you may do so by contacting our office at (800) 580-6953. *All future payments on this debt must be sent to our office at the address above to ensure proper credit to your account.* Please be advised that this is an attempt to collect a debt, any information obtained will be used for that purpose, and this communication is sent to you in our capacity as a debt collector.

              Sincerely yours,

              SESSOMS & ROGERS, P.A.

              Lee C. Rogers

LCR:seh

*DL00001038O8*

| | |
|---|---|
| **Oscar Albritton** | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **Sessoms & Rogers, P.A.;** | ) |
| **Richard J. De Giacomo, Jr.;** | ) |
| **North Star Capital Acquisitions, LLC;** | ) |
| **Defendants.** | ) |

## CERTIFICATE OF SERVICE

I certify that on September 11, 2009, I electronically filed the foregoing Amended Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Jeffrey Young
Dauna Bartley
Moore & Van Allen PLLC
Ste 500 430 Davis Drive
Morrisville, NC 27560
jeffyoung@mvalaw.com
bartleyd@mvalaw.com

Respectfully submitted this 11th day of September, 2009,

                                                MARTIN ATTORNEY AT LAW, PLLC
                                                By: /s/Angela O. Martin
                                                Angela O. Martin, Esq.
                                                NC Bar 34951
                                                Attorney for Plaintiff
                                                Martin Attorney at Law, PLLC
                                                1911 Keller Andrews Road
                                                Sanford, North Carolina 27330
                                                (919) 708-7477, FAX: (888) 872-4232
                                                angela@angelamartinlaw.com