THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 09-cv-321-H

| | |
|---|---|
| Oscar Albritton ) | |
| Plaintiff, ) | |
| ) | **PLAINTIFF'S** |
| vs. ) | **MEMORANDUM IN** |
| ) | **OPPOSITION TO MOTION** |
| Sessoms & Rogers, P.A.; ) | **TO DISMISS** |
| Richard J. De Giacomo, Jr.; ) | |
| North Star Capital Acquisitions, LLC; ) | |
| **Defendants.** ) | |

## INTRODUCTION

Plaintiff Oscar Albritton ("Plaintiff") filed an Amended Complaint against a debt collection agency, their law firm, and its individual attorney ("Defendants") for violations of the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. §§ 1692 *et seq.* Plaintiff's contention is simple: A debt collector who executes an affidavit attesting to the truth and accuracy of a document not yet in existence has committed an unfair or deceptive collection practice in violation of the FDCPA. Defendants request that this Court dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), *Docket #20* (hereinafter "Defendants' Motion"), which should be denied as Defendants' arguments and some of their case citations are clearly without merit and misleading.

## ARGUMENT

### Standard of Review

Plaintiff has sufficiently pled the factual allegations against Defendants. Thus this Court should deny their motion to dismiss. Until the recent United States Supreme Court

decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), courts routinely followed the rule set forth in *Conley v. Gibson*, 355 U.S. 41 (1957) that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *Id*. at 45-46. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, *supra* at 1949 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557 (brackets omitted)).

Defendants' reliance on *Iqbal* as grounds for dismissal is misplaced. *Iqbal* was a *Bivens* action brought by a Pakistani national who alleged ethnically and racially discriminatory treatment in the post-September 11, 2001, period by numerous federal officials while he was detained for charges of defrauding the United States with regard to identification documents, charges to which he plead guilty, prompting his deportation. *Iqbal*, 556 U.S. ___; *Slip op*. 1. There was no dispute that the facts alleged by *Iqbal* stated a *Bivens* claim against all individuals directly and indirectly involved in his treatment. *Id*.

The narrow question in *Iqbal* was whether *Bivens* liability - which indisputably does not extend to supervisors through respondeat superior - attached where the complaint alleged "a supervisor's mere knowledge of his subordinate's discriminatory purpose." *Slip op.,* 13. The Supreme Court reiterated that *Bivens* creates a unique, disfavored and limited

cause of action disconnected from normal tort doctrines and reaffirmed that, "[a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.*

Such a *Bivens*-specific holding bears no relationship to the FDCPA lawsuit brought by Plaintiff. Importantly, though, the Supreme Court reiterated in *Iqbal* that "a court must accept as true all of the allegations contained in a complaint" and that a plaintiff need only "state[] a plausible claim for relief [to] survive[] a motion to dismiss." *Slip op.* 14-15.

Plaintiff has clearly done that here; Defendants' reliance on an irrelevant *Bivens* opinion reveals the lack of any support in existing case law for their request to throw Plaintiff out of court entirely. The Supreme Court has always instructed (and continues to instruct) District Courts to assume the facts in the complaint to be true, to make reasonable inferences on behalf of plaintiff's allegations, and to deny dismissal where plaintiff has a "plausible" claim. Notably, *Iqbal* was specifically remanded to the Circuit Court to consider whether the plaintiff there would be permitted to amend his complaint to cure the deficiencies.

Significantly, in June of this year, the U.S. District Court for the Northern District of California denied defendants' motion to dismiss in a case nearly identical to *Iqbal*. *Padilla v. Yoo*, 633 F. Supp. 2d 1005 (N.D.Cal. 2009). The court found that Padilla <u>had</u> alleged sufficient facts against the government official in a *Bivens* action. <u>Compare</u> *Iqbal*, 129 S. Ct. at 1951 (Court rejected that "bare assertions" in a complaint that high-ranking government officials knew about unconstitutional treatment and, therefore, caused it are not entitled to "the assumption of truth"). Padilla "alleged with specificity that Yoo was

involved in the decision to detain him and created a legal construct designed to justify the use of interrogation methods that Padilla alleges were unlawful". *Padilla* at 1034.

Defendants' cite to *Giarratano v. Johnson*, 521 F. 3d 298 (4th Cir. 2008) as somehow providing authority for dismissing Plaintiff's action for insufficiency. *Defendants' Motion* at 7-8. It is hard to discern the reason for citing to this case, other than it is a Fourth Circuit case that followed *Twombly*. The facts in *Giarratano* are distinguishable from this FDCPA action. The prisoner in *Giarratano* made claims to the constitutionality of a provision of the Virginia Freedom of Information Act that excluded prisoners from the protections of the Act. *Id.* at 301.

The facts and law are significantly different in the case. The court held that the prisoner in *Giarratano* could not sustain his § 1983 claims excluding prisoners from the applicability of the Act since the state law "was rationally related to a legitimate state interest," following the jurisprudence of the Equal Protection Clause. *Id.* at 303. In describing the basic flaw for the prisoner, the Fourth Circuit noted

> the prisoner failed to allege any set of facts that would indicate the classification at issue violated any fundamental rights, was irrational, or otherwise failed to serve a legitimate state interest. Simply put, Giarratano has alleged no facts to support a claim much less a "plausible" claim.

*Id.* at 305.

There is no similar facial applicability challenge in the case at bar. Plaintiff has made plausible claims under the FDCPA. As a consumer, his claims fall within the protections of the FDCPA. Similarly, in this action, Plaintiff has alleged the essential elements of an FDCPA claim with enough specificity to survive a motion to dismiss, having included specific, factual allegations and not merely legal conclusions. *Amend. Comp.* ¶¶ 5, 11, 16, 22, 24-73. Plaintiff (1) is a consumer who allegedly owes the debt or a person who has

been the object of efforts to collect a consumer debt, and (2) defendants are "debt collectors" as defined. Thus, the Plaintiff need only show the third element to establish liability: *i.e.*, (3) the defendants have engaged in any act or omission in violation of the prohibitions or requirements of the FDCPA. *Dikun v. Streich*, 369 F. Supp. 2d. 781, 784-85 (E.D. Va. 2005); *Withers v. Eveland*, 988 F. Supp. 942, 945 (E.D. Va. 1997); *Kolker v. Duke City Collection Agency*, 750 F. Supp. 468, 469 (D.N.M. 1990); *Riveria v. MAB Collections Inc.*, 682 F. Supp. 174, 175-176 (W.D.N.Y. 1988); *Whatley v. Universal Collection Bureau, Inc.*, 525 F. Supp. 1204, 1206 (N.D. Ga. 1981).

Defendants further cite to *Kloth v. Microsoft Corp.*, 444 F.3d 312 (4th Cir. 2006). Again, other than providing a great quote, the *Kloth* case is inapplicable to Plaintiff's FDCPA action. The *Kloth* case suffers the same malady as *Giarratano*. In *Kloth*, a complicated, multi-district class action case, a group of people in a huge class action sued Microsoft Corporation for violating antitrust laws. Like *Giarratano*, there was not so much a factual pleading plausibility problem in *Kloth*, but, rather, the group had chosen the wrong law under which to pursue its claim.

The "type of injury [complained of by the plaintiffs] is simply not a type for which plaintiffs can recover under the antitrust law." *Kloth* at 325. In their 66-page amended complaint, no matter how many facts were pled, it was impossible for plaintiffs to proceed because they chose the wrong law under which to sue. The Fourth Circuit noted in *Kloth* that the "damage [complained of by the plaintiffs] would not form the basis of a claim for antitrust injury but a claim for some type of product liability injury." *Id.* at 323. Is it important to note that *Kloth* is a pre-*Twombly* case and it did not even survive a motion to dismiss under the more lenient standard of *Conley*. The plaintiffs simply attempted to

succeed on the wrong statutory basis. In the instant case, Plaintiff has sufficiently pled the elements of an FDCPA action and the law applies to his complaint. There is no question that the protections of the FDCPA provide the proper avenue for redress.

The facts set forth in a complaint, post-*Twombly*, must be sufficient to "nudge the[] claims across the line from conceivable to plausible." *Twombly* at 1974. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the factual allegations. *Twombly* at 1964-65. A well-pleaded complaint will survive a motion to dismiss "even if it appears that a recovery is remote and unlikely." *Id*. at 1965 (citation omitted). Plaintiff has pled sufficient facts showing that his claim is plausible and he has alleged with specificity that the attachment of a post-dated statement of account to an earlier-executed affidavit is false, misleading and/or deceptive. *Amend. Comp.* ¶¶ 11, 16, 22, 25-73. Therefore, Defendants' Motion should be denied.

<u>The False, Misleading And/Or Deceptive Documents</u>

Defendants assert that their use of an after-dated document as supporting evidence for its previously executed affidavit is not misleading or deceptive. *Id.* at 1-2. Defendants go on to declare that the "statement of account" created by Defendant Sessoms & Rogers, P.A. is a *different* statement of account than that attested to by affiant Jessica Sled, the agent/employee of Defendant North Star Capital Acquisitions, LLC ("Defendant North Star"). *Id.* at 3. In support of this concept, Defendants' claim, "[t]he only such 'statement of account' associated with the Sled Affidavit appears in the very next paragraph of the Affidavit" itself. *Id.* Facially, this does not make sense when Ms. Sled attests to the fact that "*if* a statement of account is *attached* hereto, that statement is a true and accurate accounting" (emphasis added). *Amend. Complaint*, ¶¶ 33-37, Ex. 1. The hypothetical

statement of account was not contained in the "very next paragraph" as suggested by Defendants. Rather, it was later manufactured by Defendant S&R and/or Defendant De Giacomo for the state court proceeding and attached to the previously executed Affidavit. Its use is false, misleading and/or deceptive.

The FDCPA prohibits debt collectors from making false or misleading representations and from engaging in various abusive and unfair practices. *Heintz v. Jenkins*, 514 U.S. 291 (1995). To accomplish the consumer protection purpose of the FDCPA, the courts apply a "least sophisticated" consumer standard to analyze the protections of the FDCPA. See, *U.S. v. Nat'l Fin. Servs, Inc.*, 98 F.3d 131, 135-36 (4th Cir. 1996),[1] see also *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482 (4th Cir. 1991); *Morgan v. Credit Adjustment Board, Inc.*, 999 F. Supp. 803 (E.D. Va. 1998). According to the Fourth Circuit, "the test is the capacity to mislead; evidence of deception is unnecessary." *U.S. v. Nat'l Fin Servs, Inc.* at 139.

As noted in a case cited by Defendants, the least sophisticated consumer standard is a "stringent one." *Talbott v. GC Services Ltd. Partnership*, 53 F.Supp. 2d 846, 852 (W.D. Va. 1999).[2] In a case asserting violations of notice requirements of § 1692g, the court recognized that

> [t]he analysis is not an objective inquiry into whether the language of the demand letter does overshadow and contradict the validation notice. [The

---

[1] This Fourth Circuit FDCPA case, brought by the Federal Trade Commission, cited to *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985). For an in-depth discussion of the "least sophisticated consumer" standard, as adopted by the Fourth Circuit in *U.S. v. Fin'l Servs, Inc.*, See *Jeter* at 1172-77 (11th Cir. 1985) (citing to *Florence Mfg. Co. v. J.C. Dowd & Co.*, 178 F. 73, 75 (2d Cir. 1910) (The Act was not "made for the protection of experts, but for the public — that vast multitude which includes the ignorant, the unthinking and the credulous.") and *Federal Trade Commission v. Standard Education Soc.*, 302 U.S. 112, 116 (1937) (the "fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive other less experienced")).

[2] The court in *Talbott* did not find a violation under §1692e since the debt collector did not use any "substantively false information." *Talbott* at 854.

> court] must decide whether the *least sophisticated consumer* would [find it as such].
> *Id.*

Thus, the standard as adopted by the Fourth Circuit when applied to the case at bar could find that the least sophisticated consumer could very easily interpret that the statement of account attached to Ms. Sled's affidavit was the same one referred to in the affidavit itself.

Plaintiff notes that Defendants use the Southern District of Florida bankruptcy case, *In re Martinez*, 266 B.R. 523, 532 (Bank. S.D. Fla. 2001) to proclaim that the standard of the least sophisticated consumer "assumes that a document is in its entirety, carefully and with some elementary level of understanding." However, earlier in the *Martinez* decision, the court also noted that

> [T]he test is how the least sophisticated consumer, not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer understands … this standard presumes a level of sophistication that is low, close to the bottom of the sophistication meter.

*Id.* at 531-32 (internal citations omitted).

Additionally, Defendants rely on *Dikun v. Streich*, 369 F. Supp. 2d 781 (E.D. Va. 2005) to show the elements of an FDCPA action. *Defendants' Motion at 10.* Defendants also use this case as apparent, but mistaken and misleading, authority to dismiss a claim under the misrepresentations of 15 U.S.C. 1692e and stated in their parenthetical that the court "dismiss[ed] claims under § 1692e where the plaintiff merely made conclusory legal assertions and did not allege facts that would constitute false, deceptive, or misleading representations." *Defendant's Motion* at 15. In *Dikun*, the plaintiff alleged multiple violations of the FDCPA. The *Dikun* court did **_NOT_** dismiss the count wherein plaintiff alleged that defendant violated § 1692e by submitting a false affidavit in a state court action. The court noted two factual allegations made by plaintiff to survive the dismissal of

her case: the attorney submitted an affidavit in the state court and plaintiff alleged that the affidavit was false. The court held that plaintiff sufficiently alleged her claim and denied the defendant's motion to dismiss. *Id*. at 789. Similarly, Plaintiff has alleged sufficient, plausible facts under the FDCPA and his claim should be allowed to proceed.

The FDCPA prohibits false, misleading and deceptive representations. In *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993), cited in *Defendants' Motion* at 11, the Second Circuit upheld the district court's grant of summary judgment against the defendant debt collector for violating § 1692e.[3] Courts that have addressed deception have held that "collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon* at 1319.

Throughout their motion, Defendants use terms like, "no mystery", "parsing", "common sense", "bizarre" and "frivolous". It is no slight irony that Plaintiff urges the court to consider the "ordinary connotations and implications of language as it is used in the real world". *Defendants' Motion* at 11, quoting *Russell v. Equifax A.R.S.* 74 F.3d 30, 34 (2d Cir. 1996). By using the ordinary connotations of "attached" and the "real world" concept of "true and accurate accounting" and the concept of an after-dated exhibit, this court should recognize Plaintiff has amply stated a claim upon which relief may, and should, be granted. There is no need to "parse" words when the plain connotation demonstrates the misrepresentation and deception complained of by Plaintiff. In enacting the FDCPA, Congress found that "[m]eans other than misrepresentation or other abusive

---

[3] Defendants cite to *Clomon* repeatedly. *Defendants' Motion* at 11. As an aside, Plaintiff notes that the Fourth Circuit has exhibited a lack of judicial tolerance for failure to comply with the FDCPA. *Creighton v. Emporia Credit Service, Inc.*, 981 F. Supp. 411, 417 (E.D. Va. 1997), citing *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482 (4th Cir. 1991), and *U.S. v. National Financial Services, Inc.*, 98 F.3d 131 (4th Cir. 1996). Both the Fourth Circuit in general, and North Carolina in particular, maintain strong public policy considerations favoring consumer protection and upholding consumer protection laws. This is vastly different from many of the differing court opinions from other areas of the country, particularly the Seventh Circuit where even their own District Court judges do not follow some of the rendered decisions, as noted elsewhere in this Opposition.

debt collection practices are available for the effective collection of debts." 15 U.S.C. § 1692(c).

Since there was a "Statement of Account" attached to the affidavit, named precisely as such, when the least sophisticated consumer saw the Statement of Account coupled with the affidavit, the least sophisticated consumer can only reasonably conclude Ms. Sled's affidavit referred to the Statement of Account prepared, attached, and submitted by Defendant De Giacomo. Therefore, Ms. Sled's affidavit is obviously false, misleading and deceptive as Ms. Sled could not possibly know the Statement of Account prepared over *100 days later* would be true and accurate. The least sophisticated consumer would not possibly know who prepared the affidavit of account, especially since there were no distinguishing features to indicate it was anything otherwise. *Amend. Comp.* ¶¶ 48-56. Therefore, Defendants' motion should be denied.

Additionally, Defendants claim that the "statement of account" is "merely an updated calculation of the amount of indebtedness, with interest, as of the date of the arbitration hearing." *Defendants' Motion* at 6. If that were true, why not just submit it at the arbitration hearing? If it were, as Defendants contend, simply used to assist the arbitrator in the award calculation, why include it in the pre-arbitration submissions at all?

<u>The Alleged Debt</u>

Apparently, Defendants make much of their assumed, but mistaken, fact that Plaintiff "acknowledges the affidavit accurately set out the principal amount he owed", he "does not, and cannot, dispute the accuracy of the [alleged debt]" and "there is no dispute that the amounts in the Statement of Account are correct". *Id*. at 1, 3-4. Defendants' assertions are ill founded and not well grounded in the procedural history of the state court case. By

point of fact, Plaintiff has consistently disputed the alleged indebtedness to Defendant North Star including when the case was appealed for trial de novo in state court and up to the time Defendants filed a voluntary dismissal. Moreover, the underlying debt is irrelevant under the FDCPA. *McCartney v. First City Bank,* 970 F.2d 45 (5th Cir. 1992); *Baker v. G.C. Services Corp.*, 677 F.2d 775 (9th Cir. 1982); *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997); *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998) (Focus is on the debt collector's conduct, not the consumer's).

Furthermore, whether or not the amount is correct is immaterial to liability for submitting a false affidavit under the FDCPA. The violation was not in the calculation of the amount of the debt or its alleged ownership by a debt buyer, or any of the other elements Defendants would have to prove to obtain a judgment against Plaintiff in a collection action. Rather, the FDCPA violation was in the use of an after-dated statement of account to prove up a previously executed affidavit.

Defendants' FDCPA violation was material in that Defendants' utilized both the Affidavit and the Statement of Account in an attempt to prove the indebtedness of Plaintiff. It is difficult to unearth a more grounded material fact in a debt collection case than the amount allegedly owed. In support of this section of their argument, Defendants cite to several Seventh Circuit cases that are, quite frankly, all across the board. In considering FDCPA cases, the Seventh Circuit has heaped distinction upon distinction to make this area of law increasingly and unnecessarily complex.

The Fourth Circuit has been much more consistent. The clearest example is that the Seventh Circuit has added a degree of "reasonableness" to the "least sophisticated

consumer" standard[4] and a "materiality" aspect to the misrepresentation analysis. Plaintiff does not know whether the Fourth Circuit would adopt the Seventh Circuit's conclusion in *Hahn* and *Wahl*. Plaintiff notes that no other Circuit has cited *Hahn* or *Wahl*, other than the Seventh and Sixth and no court in the Fourth Circuit has relied on either case.

Significantly, in support of Plaintiff's assertion, Plaintiff points out that the very wording of § 1692e states that a "debt collector may not use any false, deceptive <u>or</u> misleading representation." § 1692e (emphasis added). Congress' use of the disjunctive "or" seems to indicate a plaintiff may state a claim by alleging the debt collector made a representation that was false <u>or</u> deceptive <u>or</u> misleading. Plaintiff has sufficiently alleged facts to support his claim and this court should not dismiss it.

Additionally, the allegations and the facts in the instant case do not depend on a parsing of words, but, rather, on the actual words of the Affidavit coupled with the later-created Statement of Account.[5] The plaintiff in *Hahn* did not contend that the notice at issue was misleading or deceptive, she only argued that it was <u>false</u>. There is no reason for this court to decide whether or not to follow the Seventh Circuit's approach to falsity since Plaintiff here also contends that the affidavit and later attachment of the statement of account was also deceptive and/or misleading. This practice could be misleading and/or deceptive to the least sophisticated consumer without being patently false and Plaintiff has alleged as such.

For persuasive authority, Plaintiff urges this court to consider the case of Midland Funding LLC v. Brent, No. 3:08-cv-1434 (N.D. Ohio Aug. 11, 2009). Exhibit 2, attached.

---

[4] <u>See</u> e.g. *Turner v. J.V.D.B. & Assoc.*, 330 F.3d 991, 995 (7th Cir. 2003).
[5] The Seventh Circuit cases also involve a true parsing of words, not a deliberate, calculated action as alleged in this case. <u>See</u> e.g. *Wahl v. Midland Credit Management*, 556 F.3d 643, 646 (7th Cir. 2009) (the word "principal" versus "balance" versus "principal balance" and *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 756 (7th Cir. 2009) (the words "interest due" versus "this is all the interest due").

In this case, decided in August of 2009, the district judge granted summary judgment to the plaintiff. Midland Funding LLC had attached an affidavit to their complaint in a state court collection case. The court did not conclude that <u>all</u> of the information in the affidavit was false and yet nonetheless found the affidavit to be "both false and misleading" even if some portions such as "the amount of debt, the fact that it is unpaid, or other vital account information" may be true. *Id.* at *7.

In an additional effort to dismiss this case, Defendants maintain that Plaintiff has not met "threshold pleading requirements" as to the nature of the alleged debt itself. *Defendants' Motion at 20-21*. It is axiomatic that the FDCPA only applies to consumer debt as defined in 15 U.S.C. § 1692a(5). Defendants cite two cases demonstrating that the FDCPA does not apply to business debts and child support. *Defendants' Motion* at 20. In the pleading, Plaintiff alleges the debt "was a personal credit account, and was incurred primarily for personal, family, or household purposes." It is black letter law that the facts are taken as true on a motion to dismiss.

It may be that through discovery Defendants can show that the debt is one of many, innumerable types of debt that are not appropriately labeled as consumer debts under the FDCPA. However, when construed in the light most favorable to Plaintiff, his allegations that the alleged debt is a consumer debt are sufficient to survive this motion. Quite frankly, Plaintiff does not know with how much more specificity he can plead such a basic concept other than to list all of the possible other types of debt and then deny their applicability. There is no requirement under the pleading standard or the FDCPA that requires the specific allegation that the debt on an account "was incurred to receive consumer goods or

services" as maintained by Defendants or even how that phraseology differs significantly from Plaintiff's current allegations. *Defendants' Motion* at 20.

### Plaintiff's Claims Under § 1692e Do Not Fail As A Matter Of Law

Defendants claim that their use of the Affidavit and after-dated Statement of Account "clearly does not fall within the category of abuses Congress intended to stop". *Id.* at 9-10. They go on to point out the obvious: the violations of the FDCPA in this case "do not arise from 'obscene or profane language,' 'threats of violence', etc." *Id.* at 9. The FDCPA contains separate provisions for the conduct described by Defendants. Those types of violations, enumerated by Defendants, arise under different provisions of the FDCPA than the ones alleged in the Amended Complaint. Using Defendants failed logic, any of the statutory notification violations under §1692g (and similar non-abusive sections) would likewise not "fall within the category of abuses Congress intended to stop" simply because it is not included in Defendants' restrictive and selective list of FDCPA violations. Defendants' argument unnecessarily limits the FDCPA in a manner that is inconsistent with and contradictory to its provisions.

In a different twist, Defendants use the North Carolina Arbitration Rules as a suggested basis to avoid liability under the FDCPA, thereby urging this Court to dismiss this case at the outset. *Defendant's Motion* at 21. Defendants proffer that because the violation occurred during the arbitration process, it is somehow inadmissible in an FDCPA action. Defendants cite no legal authority for this contention. As noted in the discussion of this issue that follows, Defendants contention is untenable under FDCPA jurisprudence. Additionally, the Supremacy Clause would prevent a state from carving out its own exceptions to the coverage of the FDCPA. By point of fact, one of the express

Congressional purposes of the FDCPA is to "promote consistent State action to protect consumers against debt collection abuses." § 1692(e).

Plaintiff's FDCPA claim rests solely on the plain language of the FDCPA. Debt collectors are prohibited from the use of "*any* false, deceptive or misleading representation or means in the connection with the collection of any debt" (§1692e) and "[t]he use of *any* false representation *or* deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" (§1692e(10), emphasis added). This prohibition must include false statements or representations made during the court-ordered arbitration process. False and unfair collection activities – wherever they occur – subject those who engage in them to liability.

To accept Defendants' argument is to disregard the well-settled case law that there is no litigation immunity under the FDCPA. <u>See</u> *Heintz v. Jenkins*, 514 U.S. 291 (1995); *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226 (4th Cir. 2007) (rejecting the argument that "statements made during the course of judicial proceedings" were exempt from FDCPA liability); *Todd v. Weltman, Weinberg & Reis Co., L.P.A.*, 434 F. 3d 432 (6th Cir. 2006) 447 (6th Cir. 2006) (rejecting several defenses in an FDCPA lawsuit and noting that "the purpose of immunity is to preserve the integrity of our judicial system, not to assist a self-interested party who allegedly lies in an affidavit"); *Stolicker v. Muller et al, P.C.*, 387 F. Supp. 2d 752, 754 (W.D. Mich. 2005)(denying debt collector law firm's motion to dismiss where consumer's FDCPA claims were based on a false affidavit in state court). One of the express purposes of the FDCPA is to "promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Congress did not intend

to permit states to circumvent the FDCPA by implementing procedures and restrictions in state court actions.

Defendants cited (and attached) *Rodriguez v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 08-C-6198 (N.D. Ill. Mar. 10, 2009). The *Rodriguez* case is not akin to the present action. The case involved an FDCPA litigator bringing a class action based on changes made by a debt collection law firm to a court-fashioned summons. The "nits" referred to by Senior District Court Judge Shaddur were found to be "nonmaterial minutiae" to the debt collection action and showed, if anything, the defendant was sloppy in replicating the court form for mass production. Contrarily, in this present case, an affidavit and statement of account were ***material*** to the debt collection action and, in fact, provided the only tangible evidence of any alleged indebtedness. Thus, other than providing an interesting quote for Defendants' appropriation, *Rodriguez* is simply inapplicable to the case at bar.

Similarly, Defendants' cite to *Rosales v. Unifund CCR Partners*, No. 08-C-3533 (N.D. Ill. Dec. 5, 2008) another case from the North District of Illinois, also attached to Defendants' Motion, demonstrating that the court granted defendants' motion to dismiss claims based on state-court affidavits alleged to contain false assertions of personal knowledge. *Defendants' Motion* at 17. Even judges in that very District, have not followed *Rosales*. In *Washington v. Unifund CCR Partners*, No. 08-C-6418 (N.D. Ill. Feb 10, 2009), Judge Pallmeyer declined to follow *Rosales* in a case that contained the same statement and affidavit at issue in *Rosales* and denied defendants' motion to dismiss. (Copy of Minute entry attached hereto as Ex. 3. Plaintiff will supplement this brief with a copy of Judge Pallmeyer's opinion or the transcript thereof upon receipt.)

Defendants likewise cite to a series of cases which demonstrate untenable positions under the FDCPA which are not on point to the case at bar. *Defendants' Motion* at 16. In *Miller v. Javitch, Block & Rathbone*, 651 F.3d 588 (6th Cir. 2009), the plaintiff literally did parse words arguing a credit card account could not rightly be characterized as a loan. The court recognized that the state court complaint's references to "money loaned" are not actionable under the FDCPA. *Id.* at 593. The facts of the instant case do not involve a parsing of words of "credit account" versus "money loaned"; but, rather, allege that Defendants engaged in a demonstrative event of producing an after-dated statement of account as evidence to be used, and which was used, in conjunction with an earlier-executed affidavit.

Defendants, again being highly selective of a good sound bite, reference *Schimmel v. Slaughter*, 975 F. Supp. 1357, 1363 (M.D. Ga. 1997) to extract the phrase: the "collection letter's wording was not deceptive under the FDCPA, even though badly worded and unintentionally imprecise." Defendants fail to note that the court in *Schimmel* considered three separate § 1692e claims and granted summary judgment to Plaintiff on the issue of liability. The court found the wording used by defendants "constitute[d] an act of deception and a clear-cut violation of the letter and spirit of the Act." *Id*. at 1362-63. In this action, Plaintiff argues the earlier-dated Affidavit, combined with the hypothetical "if a statement of account is attached" and later attaching a statement of account cannot be properly characterized as "badly worded and unintended". Plaintiff has properly stated a claim that this practice is misleading and/or deceptive and he should be allowed to proceed under the FDCPA.

Defendants additionally cite to *Stojanovski v. Strobl and Moonigan, P.C.*, 783 F. Supp. 319 (E.D. Mich. 1992). Defendants maintain that this case held that "a de minimis variance from the FDCPA's language was not abusive or a violation". *Defendants' Motion* at 16. This was **_not_** the holding of the *Stojanovski* case at all.

The court conceded that defendant had "committed a minor violation of one provision of the Act." The FDCPA is a strict liability statute, so this "minor violation" was sufficient to assess liability to the debt collector. However, the defendant in *Stojanovski* successfully asserted its one defense under the FDCPA: the bona fide error defense. Succeeding under the bona error defense is not the same as holding there is no violation. The bona fide error recognizes that a violation has occurred but the debt collector has shown by a "preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error". § 1692k(c). If this case is allowed to proceed on its merits and if the trier of fact determines a violation has occurred, unless Defendants in this case can mount a successful bona fide error defense, they will be held liable under the FDCPA.

Debt collectors are under an affirmative duty to refrain from any false, deceptive, or misleading statement in connection with the collection of a debt. 15 U.S.C. § 1692e; *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004); *Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 471-2 (7th Cir. 2000) (holding §§ 1692e(2) and 1692e(10) apply to allegations in a lawsuit). The falsity is not in the amount of the alleged indebtedness, although Plaintiff disputes the alleged debt. The falsity is in the fact that an affiant cannot swear to a future event.

There is no exception in the statute for false statements in connection with court-ordered arbitration proceedings. Furthermore, the FDCPA expressly provides that it affords additional remedies for debt collector misconduct that may not violate state criminal or civil laws because existing laws are inadequate to protect consumers. 15 U.S.C. §§ 1692(b), 1692d(1), 1692n.

Plaintiff has alleged sufficient facts that are plausible on its face to survive Defendants' Motion. Even most of the cases herein discussed were determined at the summary judgment stage, as opposed to an outright dismissal.

## CONCLUSION

For the above-stated reasons, Plaintiff urges this Court to deny Defendants' motion to dismiss.

Respectfully submitted this 22nd day of October, 2009.

                        MARTIN ATTORNEY AT LAW, PLLC

                    By:     /s/Angela O. Martin
                        Angela O. Martin, Esq.
                        NC Bar 34951
                        Attorney for Plaintiff
                        Martin Attorney at Law, PLLC
                        1911 Keller Andrews Road
                        Sanford, North Carolina 27330
                        (919) 708-7477, FAX: (888) 872-4232
                        angela@angelamartinlaw.com

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 09-cv-321-H

| | |
|---|---|
| **Oscar Albritton** | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **Sessoms & Rogers, P.A.;** | ) |
| **Richard J. De Giacomo, Jr.;** | ) |
| **North Star Capital Acquisitions, LLC;** | ) |
| <u>**Defendants.**</u> | ) |

## *CERTIFICATE OF SERVICE*

I certify that on October 22, 2009, I electronically filed the foregoing Opposition with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Jeff Young
Dauna Bartley
Moore & Van Allen PLLC
Ste 500 430 Davis Drive
Morrisville, NC 27560
jeffyoung@mvalaw.com
bartleyd@mvalaw.com

Respectfully submitted this 22nd day of September, 2009,

    MARTIN ATTORNEY AT LAW, PLLC
    By: <u>/s/Angela O. Martin</u>
    Angela O. Martin, Esq.
    NC Bar 34951
    Attorney for Plaintiff
    Martin Attorney at Law, PLLC
    1911 Keller Andrews Road
    Sanford, North Carolina 27330
    (919) 708-7477, FAX: (888) 872-4232
    angela@angelamartinlaw.com