UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
File No. 5:09-cv-321-H

| | |
|---|---|
| OSCAR ALBRITTON,<br><br>        Plaintiff,<br><br>    v.<br><br>SESSOMS & ROGERS, P.A., RICHARD J.<br>DE GIACOMO, JR., and NORTH STAR<br>CAPITAL ACQUISITIONS, LLC,<br><br>        Defendants. | **DEFENDANTS' RESPONSE IN<br>OPPOSITION TO PLAINTIFF'S<br>MOTION TO STRIKE** |

      Defendants Sessoms & Rogers, P.A., Richard J. De Giacomo, Jr., and North Star Capital Acquisitions, LLC ("Defendants") previously moved to dismiss Plaintiff's Amended Complaint alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., and filed an opening and a reply brief in support of that motion. (D.E. # 20-21, 23.) After the close of briefing, this Court adopted a standard of "materiality" in regards to FDCPA claims like Plaintiff's. Defendants therefore filed a Suggestion of Subsequently Decided Controlling Authority (D.E. # 29, the "Suggestion") that set out only (a) the case in which this Court adopted the materiality standard and (b) a half-sentence statement that the case in fact did involve the materiality standard. The Suggestion contained no argument, and no further explicative discussion at all.

      Plaintiff reacted by filing a six-page brief supporting a "Motion to Strike," accompanied by fifty-one (51) pages of exhibits. (D.E. # 30-31.) Plaintiff apparently thinks that this Court should not be made aware — via a two-sentence Suggestion — of a recent ruling in this very Court that bears directly on the issues in this case. For the reasons set forth below, the Plaintiff's

Motion should be denied.

**RESPONSE**

This is an FDCPA complaint alleging various hyper-technical claims related to the procedural use of an affidavit in a state-court collection lawsuit filed by Defendants to collect a debt Plaintiff owed to Defendant North Star. Since the claims are essentially questions of law turning on the interpretation of documents attached to or relied on by the complaint, Defendants moved for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The Court has not yet ruled on Defendants' Rule 12(b)(6) motion to dismiss and it remains pending. Recently, the Court entered an Order in another FDCPA case involving the same plaintiff's counsel and the same law firm defendant: O'Fay v. Sessoms & Rogers, P.A., No. 5:08-CV-615-D (E.D.N.C. Feb. 9, 2010). In the O'Fay Order, the Court adopted a materiality standard for FDCPA claims — an issue that, based on Defendants' research, this Court had not previously decided.

Defendants' Rule 12(b)(6) motion in this case had briefed the applicability of the materiality standard to Plaintiff's claims, arguing that such an approach was consistent with Fourth Circuit case law. (D.E. # 21 at 14-17; D.E. # 23, 7-8.) Plaintiff's opposition brief argued against the materiality standard, and asserted "no other Circuit has cited *Hahn* or *Wahl*, other than the Seventh and Sixth and no court in the Fourth Circuit has relied on either case." (D.E. # 22 at 12.) The recent O'Fay decision cites to both of those cases and directly applies the materiality standard.

Thus, the O'Fay decision issued by this Court, applying the materiality standard to FDCPA claims similar to Plaintiff's, is directly relevant subsequently decided authority, bearing on arguments made by both Defendants and Plaintiff. Defendants believe the O'Fay decision is

the first decision in the Fourth Circuit to apply the case law from the Sixth and Seventh Circuits explicitly identifying materiality as a requirement for FDCPA claims. Defendants are not aware of other Fourth Circuit cases utilizing this standard yet. Consequently, Defendants believed it appropriate to point out O'Fay to this Court in the form of the Suggestion.

In response, Plaintiff has moved to strike Defendants' Suggestion, contending that the wording of the Suggestion itself exceeds the scope of Local Civil Rule 7.1(g), and therefore the Suggestion (and the authority) should be struck in its entirety.

### *Defendants' Suggestion Does Not Contain Impermissible "Argument."*

Plaintiff contends that the wording of Defendants' Suggestion exceeds the scope of Local Civil Rule 7.1(g), because Defendants included a half-sentence to suggest the materiality aspect of the O'Fay decision as the subsequently decided authority on Defendants' motion to dismiss. Notably, Plaintiff does not explain how the challenged portion constitutes "argument."

Local Civil Rule 7.1(g) states that such a filing must be "without argument." Although the Rule does not define "argument," generally such a rule would preclude any discussion of how the authority affects the present case. See, e.g., Richmond v. Indalex Inc., 308 F. Supp. 2d 648, 654 (M.D.N.C. 2004) (striking portions of a suggestion of subsequently decided authority that engaged in a discussion of the implications of the subsequent authority to the case at bar); Disher v. Weaver, 308 F. Supp. 2d 614, 629 n.13 (M.D.N.C. 2004) (striking portions of a suggestion that argued that the subsequent authority undermined the plaintiff's position).

However, when the subsequent authority addresses multiple issues, and it is submitted with reference to a motion that similarly addresses multiple issues, the Local Rule does not appear to preclude the succinct suggestion of a specific issue in the authority, accompanied by only the citation and no argument.

If the Court concludes that Defendants' filing does exceed the scope of the Local Rule, the excess portion could be struck without the Court disregarding this highly relevant subsequent authority. Thus, the Court is not required, as Plaintiff suggests, to grant the extreme relief Plaintiff seeks here — having the Court turn a blind eye to authority in this Court applying the materiality standard. See Richmond, 308 F. Supp. 2d at 654; Disher, 308 F. Supp. 2d at 629 n.13.

In an apparent effort to show some sort of ill will on Defendants' part, Plaintiff points to a motion to strike filed by Defendants' counsel in another case in this District, Antczak v. Sessoms & Rogers, et al., No. 5:09-CV-116-FL (E.D.N.C.) (D.E. # 20-21, filed Nov. 19, 2009). Yet a review of the Antczak motion to strike (attached as Exhibits 2 and 3 to Plaintiff's Motion here) shows that, aside from the identity of the defendants' counsel and that both plaintiffs are represented by Attorney Angela O. Martin, the two motions to strike are not similar at all.

In Antczak, the defendants moved to dismiss the plaintiffs' North Carolina state-law claims of abuse of process and malicious prosecution. The day after the close of briefing, counsel for the plaintiffs filed a "Notice (Other) Supplemental Authority." (Anczak D.E. # 19, the "Antczak Notice.") The Antczak Notice included four cases from other jurisdictions, decided between 1945 and 1990, not previously cited in the plaintiffs' opposition brief. Importantly, as the Court can see in the Antczak Notice, the notice itself contained additional commentary about the cases and attached the published cases as exhibits.

The defendants filed a motion to strike the authorities submitted by Attorney Martin as they were neither "subsequently decided" nor "controlling authority" as required by Local Civil Rule 7.1(g). The defendants' motion did not discuss whether the Antczak Notice itself constituted impermissible "argument." Rather, defendants' argued that the commentary in the

Antczak Notice, combined with attaching the four published cases, was an attempt to influence the Court to consider older, non-controlling cases that the plaintiffs had not cited previously, and that unmistakably did not fall within the Local Rule. Thus, the motion to strike in Antczak bears no similarity whatsoever to Plaintiff's motion to strike in this case.

Notably, Plaintiff's counsel appears to have forgotten that the defendants' motion to strike in Antczak was denied. (See Antczak D.E. # 24.) Despite the fact that the four additional authorities did not fall within the scope of the Local Rule, the Court in its discretion chose to consider them. Defendants of course accepted that ruling.

Defendants recognize that this Court may elect to exercise its discretion differently in this case. However, in light of the fact that the subsequent authority submitted by Defendants in this case falls squarely within the scope of Local Civil Rule 7.1(g) and that the half-sentence in Defendants' Suggestion does not constitute "argument," Plaintiff's motion should be denied.

## CONCLUSION

Plaintiff's motion to strike is without merit and should be denied. This motion to strike appears to be a simple attempt to prevent the Court from actually considering the materiality of the purported violations identified in Plaintiff's Amended Complaint. This is especially true since Defendants made the same arguments in their motion to dismiss as are reflected in the O'Fay Order, wherein this Court has now held that materiality is a necessary part of an FDCPA analysis.

Defendants' Suggestion has not included impermissible "argument." Defendants' Suggestion has done exactly what Local Civil Rule 7.1(g) permits litigants to do — bring to this Court's attention subsequently decided authority related to the issues in consideration, at any time prior to the Court's ruling. It is for the Court to decide the weight to assign to the authority.

This 18th day of March, 2010.

/s/ Dauna L. Bartley
Jeffrey M. Young (N.C. Bar No. 21319)
Dauna L. Bartley (N.C. Bar No. 38016)
Ellis & Winters LLP
1100 Crescent Green Drive, Suite 200
Cary, NC 27518
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
jeff.young@elliswinters.com
dauna.bartley@elliswinters.com

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing **Defendants' Response in Opposition to Plaintiff's Motion to Strike** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Angela Orso Martin, Esq.        angela@angelamartinlaw.com
    *Attorney for Plaintiff*

Dated: March 18, 2010.

    /s/ Dauna L. Bartley
    Dauna L. Bartley (N.C. Bar No. 38016)
    Ellis & Winters LLP
    1100 Crescent Green Drive, Suite 200
    Cary, NC 27518
    Telephone: (919) 865-7000
    Facsimile: (919) 865-7010
    dauna.bartley@elliswinters.com

    ***Attorneys for Defendants***